## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC. | * | |
| | * | |
| v. | * | Civil No. – JFM-16-1994 |
| | * | |
| THE BALTIMORE AND ANNAPOLIS | * | |
| RAILROAD COMPANY | * | |

******

### MEMORANDUM

The Baltimore and Annapolis Railroad Company d/b/a Carolina Southern Railroad and d/b/a Waccamaw Coast Line Railroad Company ("B&A") has filed a motion to transfer venue under 28 U.S.C. § 1404(a). The motion will be granted.

Despite its name, the Baltimore and Annapolis Railroad Company has neither its corporate headquarters nor its principal place of business in Maryland. Rather, its principal place of business is in South Carolina and, during the time relevant to this case, its operations were conducted in South Carolina. Indeed, its nerve center, employees, and operations have been, for over 20 years, in South Carolina. Further, this litigation arises out of actions and omissions in South Carolina. In an action filed in South Carolina, the complaint states that venue properly lies in South Carolina because the defendant resides in South Carolina and "because a substantial part of the events or omissions giving rise to the cause of action set forth in the Complaint occurred within [the District of South Carolina]." The South Carolina action remains pending and is subject to be called for jury selection and/or trial on or after December 12, 2016.

There is no question that this action could have been brought in the District of South Carolina. Moreover, it was appropriate to transfer this action to the District of South Carolina.

1

The plaintiff's choice of forum is accorded weight but plaintiff in this action neither has its headquarters nor its principal place of business in Maryland. The facts giving rise to this action arise out of matters that occurred in South Carolina. Moreover, it appears clear that the convenience of the witnesses dictates that this action be transferred to the South Carolina court. Moreover, B&A has hired South Carolina counsel who has been actively engaged in litigating this suit between the parties for over a year. There is no reason to require B&A to incur additional costs in having Maryland counsel learn the facts and law underlying the disputes. Moreover, the interest of justice dictates that this action be transferred to South Carolina because "consolidating nearly identical suits in the forum in which the suit was first brought, the 'first-to-file principle . . . is the rule of sound judicial administration. *See Siemens Energy, Inc. v. CSX Transp., Inc.*, 2016 U.S. Dist. LEXIS 34337, at *16 (D. Md. Mar. 17, 2016).

A separate order of transfer is being entered herewith.

Date: 9/8/16

J. Frederick Motz
United States District Judge

2